**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| Michael J. Dietzen<br><br>Plaintiff,<br><br>vs.<br><br>Wolpoff & Abramson, L.L.P.,<br>MBNA America Bank, N.A.<br><br>Defendants | ) | Civil Action No.: 05-0243 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

I. STATEMENT OF FACTS.

Plaintiff filed a complaint alleging six causes of action against Defendants MBNA America Bank, N.A. ("MBNA") and Wolpoff & Abramson, L.L.P. ("W&A"), the law firm MBNA retained to pursue the outstanding balance on a credit account issued to Plaintiff.

In his first, second, fourth, and fifth counts, Plaintiff alleges that W&A violated both the federal Fair Debt Collection Practices Act [15 U.S.C § 1692] and the Wisconsin Consumer Act [§ 427.104] based on its alleged conduct in connection with collection of the outstanding balance due to MBNA.

In his third count, Plaintiff alleges that MBNA violated the Wisconsin Consumer Act [§ 427.104] indirectly through the conduct of W&A during their pursuit of the debt. Plaintiff further alleges in his sixth count that despite his retention and use of the credit account, MBNA's contract with him is nonetheless "unconscionable and unenforceable."

The relationship between the parties began when MBNA issued Dietzen credit account and furnished him with the written terms and conditions ultimately including an arbitration

provision governing the credit account. (1st Am. Compl. ¶ 11, Canapp Aff. ¶¶ 4-7.) The arbitration provision in the agreement recites that the account involves transactions affecting interstate commerce and that its provisions are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et. seq.*:

> This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). Judgment upon any arbitration award may be entered in any court having jurisdiction. The arbitrator shall follow existing substantive law to the extent consistent with the FAA and applicable statutes of limitations and shall honor any claims or privilege recognized by law.

(Canapp Aff. ¶ 8, Ex. A.) As to arbitration, the agreement includes a binding, mutual provision requiring that any claims or disputes by either party:

> relating in any way to this agreement … <u>whether under a statute</u>, in contract, <u>tort</u>, or otherwise and whether for money damages, penalties or declaratory or equitable relief, <u>including</u> <u>claims regarding the applicability of this Arbitration Section</u> or the validity of the entire Agreement or any prior Agreement, <u>shall be resolved by binding Arbitration.</u>

(Canapp Aff. ¶ 8, Ex. A) (emphasis added).

Plaintiff used his credit account that was subject to the binding arbitration clause. (1st Am. Compl. ¶ 11.) After he failed to pay the required amounts due under the agreement, MBNA brought an arbitration claim against Plaintiff in the National Arbitration Forum ("NAF"). (1st Am. Compl. ¶¶ 12, 16.) Dietzen was notified of the claim. (Canapp Aff. Ex. 1.) After reviewing all the evidence submitted by both parties, the arbitrator entered an award in favor of MBNA. (Canapp Aff. Ex. 1.) The award refers to the underlying binding arbitration agreement by reciting that "the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration in accordance with the [NAF's] Code of Procedure." (Canapp Aff. Ex. 1.)

Defendants now seek an order compelling arbitration of all of Plaintiff's claims based on alleged violations of federal and state laws because the agreement between the parties requires arbitration of Plaintiff's claims in this action as well.

## II. THE PRIOR ARBITRATION AWARD BETWEEN THE PARTIES CONSTITUTES A BINDING DETERMINATION THAT THE PARTIES ARE BOUND TO AN ARBITRATION OF ALL CLAIMS OR DISPUTES AND MAY NOT RESORT TO LITIGATION.

"[A] valid and final award by arbitration has the same effect under the rules of res judicata . . . as a judgment of a court." Rest. (2d) Judg. § 84 Arbitration Award; Rudell v. Comprehensive Accounting Corp., 802 F.2d 926, 927 (7th Cir. 1986) (holding arbitration award had res judicata effect barring action), cert denied, 480 U.S. 907, 107 S.Ct. 1351 (1987). See also, U.S. Postal Serv. v. Gregory, 534 U.S. 1, 16 122 S.Ct. 431 (2001)(Ginsburg J. concurring)(stating that res judicata effect does apply to arbitration award and citing the Restatement (2d) Judg. Sec. 84); Witkowski v. Welch, 173 F.3d 192, 200 (3d Cir. 1999) (arbitration awards have the same effect as final judgment on the merits).

The dispute regarding Dietzen's outstanding debt on this account was previously submitted to arbitration. On April 5, 2005, the assigned arbitrator issued an award in favor of MBNA in which he determined that "the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration in accordance with the Forum Code of Procedure." (Canapp Aff., Ex. 1.) Because the validity of the arbitration provision governing Dietzen's relationship with MBNA has already been established in the arbitration award, the principles of res judicata and collateral estoppel mandate that this determination is final.

Therefore, all of Dietzen's claims, which he now raises in this federal lawsuit, are subject to the arbitration provision and an order should be entered compelling arbitration.[1]

## III. BECAUSE DIETZEN DID NOT FILE A MOTION TO VACATE THE AWARD WITHIN THE TIME REQUIRED UNDER THE FAA, THE AWARD CANNOT NOW BE CHALLENGED.

Under the Federal Arbitration Act ("FAA"),

> a written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

An arbitration award may be vacated "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct . . . ; or (4) where the arbitrators exceeded their powers." 9 U.S.C. § 10. Notice of a motion to vacate must be served within 90 days of the date of the arbitration award. 9 U.S.C. § 12.

The arbitration award in the NAF on the Dietzen matter in favor of MBNA was filed on April 5, 2005. (Canapp Aff., Ex. 1.) Dietzen did not file a motion to correct, modify, or vacate this arbitration award within the 90 days as required by the FAA. Because Dietzen allowed his time to file a motion to vacate to lapse under the FAA, the arbitration award and its determination that arbitration applies to this account is final and binding.

---

[1] Even through MBNA proceeded with arbitration before NAF, NAF has no compulsory counterclaim rule, which would have compelled Dietzen to bring his claims in the initial arbitration. NAF Code of Procedure, Rule 14 (www.arbitration-forum.com). His claims although not barred, nonetheless must be presented through arbitration and not litigation.

IV. THE BINDING ARBITRATION PROVISION IN MBNA'S AGREEMENT REQUIRES ARBITRATION OF ANY DISPUTES ARISING FROM THE CREDIT ACCOUNT.

MBNA's credit agreement contains provisions requiring that all claims and disputes between MBNA and its customers be submitted to binding arbitration before the NAF and provides that the question of arbitrability is one for the arbitrator[2]. The arbitration provision specifies:

> Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from a relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration.

(Canapp Aff. ¶ 8, Ex. A) (emphasis added). Included in the MBNA agreement is a clause requiring that where claims are asserted against MBNA and its debt collectors, as co-Defendants, the entire matter against all parties be submitted to arbitration. In this regard, the agreement states:

> For the purposes of this Arbitration Section, "we" and "us" means MBNA America Bank, N.A., its parent subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them. Additionally, "we" or "us" shall mean any third party providing benefits, services, or products in connection with the account (including but not limited to credit bureaus, merchants that accept any credit device issued under the account, rewards or enrollment services, credit insurance companies, debt collectors and all of their officers, directors, employees and agents) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us.

[2] In First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995), the Supreme Court held that "a court must defer to an arbitrator's arbitrability decision when the parties submitted that matter to arbitration."



Case 2:05-cv-00243-CNC Filed 11/07/05 Page 5 of 7 Document 19

(Canapp Aff. ¶ 8, Ex. A) (emphasis added). This arbitration provision therefore applies not only to MBNA but also to its attorneys[3] whom the Plaintiff has named as co-Defendants.

A Federal District Court recently upheld the enforceability of this precise contractual provision in a suit filed against MBNA and its co-defendant debt collectors by staying a consumer's FDCPA and related state consumer law claims and compelling arbitration. Hoefs v. CACV of Colorado, LLC, et.al., 365 F. Supp. 2d 69 (D. Mass. 2005). In Hoefs, a debtor sued MBNA's assignee and the assignee's attorney for alleged violations of the FDCPA and state consumer laws. The debtor in Hoefs argued that she was not bound to arbitrate her claims against MBNA's assignee. Id. at 72-74. She also opposed arbitration of her FDCPA and state law claims against the co-defendant law firm arguing that the attorneys were not parties covered by MBNA's arbitration clause. Id. at 74-75. Notwithstanding the absence of a res judicata effect by entry of a prior arbitration between the parties in Hoefs, as in this case, the Federal Court nonetheless rejected this argument and compelled arbitration of the plaintiff's claims against both MBNA and the law firm based on the identical language of MBNA's credit agreement at issue here. Id. at 76.

The facts in this case establish that Dietzen agreed to the arbitration provision in his MBNA credit agreement governing the account. (Canapp Aff. ¶ 4 to 16.)[4] W&A acted as counsel for MBNA in collecting the outstanding debt due on Plaintiff's credit account. W&A

[3] Attorneys who regularly collect consumer debts are defined as debt collectors under the FDCPA. See, e.g., Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489(1995).

[4] The process by which MBNA amended its credit card agreement complied with Delaware law, the state law governing the agreement in this case. See, 5 Del. C. § 952(a); Lloyd v. MBNA America Bank, N.A., Lloyd v. MBNA America Bank, N.A., 2001 WL 194300 (D.Del. 2001); Kurz v. Chase Manhattan Bank USA, N.A., 319 F.Supp.2d 457 (S.D.N.Y. 2004); Edelist v. MBNA America Bank, 790 A.2d 1249 (2001).

therefore falls within the contractual provision requiring arbitration of claims against MBNA and its "third part(ies) providing …services…in connection with the account". (Canapp Aff. ¶ 8, Ex. A.) Pursuant to the contractually binding arbitration provision, all of Plaintiff's claims against MBNA and its attorneys as co-Defendants are subject to binding arbitration before the NAF.

## V. CONCLUSION.

Based on the foregoing reasons, this court should stay this suit and compel arbitration of all the claims at issue in this matter before the NAF, the arbiter assigned in the agreement.

**BASSFORD REMELE**
***A Professional Association***

Dated: 11/7/05

By s/Michael A. Klutho
Michael A. Klutho (License #1038353)
Attorneys For Defendants
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota 55402-3707
(612) 333-3000
(612)-333-8829
michaelk@bassford.com