UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MICHAEL DIETZEN,

    Plaintiff,

v.                                              Case No. 05-C-0243(E)

WOLPOFF & ABRAMSON LLP,
MBNA AMERICA BANK NA,
RONALD CANTER,
NEAL LEVITSKY,
ATTORNEY JAMES DAY,
RAUSCH STURM ISRAEL & HONRIK,

    Defendants.

---

DECISION AND ORDER GRANTING DEFENDANTS WOLPOFF & ABRAMSON LLP
AND MBNA'S MOTION TO COMPEL ARBITRATION, DENYING AS MOOT ALL
REMAINING MOTIONS, AND DISMISSING CASE WITHOUT PREJUDICE

On January 24, 2006, this court conducted a hearing on defendants Wolpoff & Abramson LLP and MBNA's motion to compel arbitration. For the reasons set forth on the record and consistent with the decision in *Bruesewitz v. Wolpoff & Abramson, LLP*, 2005 WL 3002609 (W.D. Wis. 2005), the court finds that the plaintiff and the defendant MBNA entered into a binding agreement to arbitrate the disputes in this action. The 1999 notice of amendment sent to the plaintiff entitled "IMPORTANT AMENDMENT TO YOUR CREDIT CARD AGREEMENT" and the updated terms and conditions appended to the arbitration claim filed by MBNA demonstrate that the parties entered into a valid agreement. The plaintiff was given an opportunity to opt out of the agreement which was clear, and the only reasonable inference to be drawn from this record is that the plaintiff did not exercise the option. Although the plaintiff requests a stay for purposes of conducting additional discovery, he does not suggest that he ever opted out of the arbitration provision. Rather, he states that he does not recall what, if anything, he did and argues that additional discovery may answer that question. Also, the plaintiff suggests that discovery may reveal that he did not opt out because he believed he was bound by an earlier agreement. The court rejects these

contentions out of hand as this case is governed by the plain language of the agreement, and there is no support for plaintiff's theory in the record. Moreover, the agreement between plaintiff and MBNA is neither procedurally nor substantively unconscionable. Hence,

IT IS ORDERED that defendants' motion to compel arbitration is granted.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment as to Wolpoff & Abramson and MBNA is denied as moot.

IT IS FURTHER ORDERED that defendants Carter and Levitsky's motion to dismiss under Rule 12(b)(4) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file an amended complaint against all parties except MBNA is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion to compel depositions and motion for sanctions is denied as moot.

IT IS FURTHER ORDERED that defendants' motion for protective order is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for Rule 11 sanctions is denied as moot.

IT IS FURTHER ORDERED that this matter is dismissed without prejudice, subject to an immediate reopening in the event all issues are not finally resolved in arbitration.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2006.

                BY THE COURT

                s/ C. N. Clevert, Jr.
                C. N. CLEVERT, JR.
                U. S. District Judge